## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**ROGER WILLIAMS**                                           **PLAINTIFF**

v.                          **No. 4:22-cv-942-DPM**

**USA and INTERNAL REVENUE**
**SERVICE**                                              **DEFENDANTS**

### ORDER

1.     The United States moves *in limine* on various issues.  Here are the Court's rulings.

- **IRS Investigation and Assessment in General**

Granted as specified.  As the government argues, this trial is not about the investigation mechanics or the details of the assessment. Williams, for example, has not made a sufficient showing about any errors in the amounts, which are presumed correct.  *Anuforo v. Commissioner of Internal Revenue*, 614 F.3d 799, 807 (8th Cir. 2010).  His position is that he's not responsible;  and he faults the government for concluding otherwise.  That issue will be resolved by the jury on the issues of responsibility, willfulness, and recklessness.  But, and it's an important but, facts about the disputed issues revealed during the investigation are admissible.

- **Assessments Against Others, Their Offers to Compromise, Their Negotiations, and Their Payments**

Granted.  Facts about these issues are not relevant to Williams's liability.  Fed. R. Evid. 402.  And to the extent there is some marginal relevance, these facts could confuse or unfairly prejudice the jury. Fed. R. Evid. 403 & 408.

- **Williams's Negotiations and Offers to Compromise**

Granted, subject to the Rule's exceptions.  Fed. R. Evid. 408.

- **Authority and Others' Responsibility**

Denied with caveats.  The jury must decide whether Williams had the status, duty, and authority to avoid The Arc's nonremittal of the withholdings.  *E.g.*, *Keller v. United States*, 46 F.3d 851, 854 (8th Cir. 1995).  It is certainly correct that more than one person can be responsible for the employer's obligation.  The Court will tell the jury this.  In the faithless-underling cases, the Court of Appeals held that their responsibility was immaterial to the responsibility of owners and officers with wide-ranging authority.  *E.g.*, *Colosimo v. United States*, 630 F.3d 749, 753 (8th Cir. 2011);  *Oppliger v. United States*, 637 F.3d 889, 893 (8th Cir. 2011);  *Jenson v. United States*, 23 F.3d 1393, 1395 (8th Cir. 1994).  Here, though, the deep and disputed question is the extent of Williams's authority.  He's entitled to offer evidence about the authority of the higher-ups at The Arc in his effort to prove the limitations of his powers and duties.  If he had the power to remit the

–2–

taxes, a supervisor's direction not to do so will not absolve him of liability. *Ferguson v. United States*, 484 F.3d 1068, 1073 (8th Cir. 2007). What's at issue here is whether Williams had "the authority to pay the taxes in the first place." *Ferguson*, 484 F.3d at 1073 n.6. Others' authority/responsibility will help answer that question.

- **Assurances by Others and Williams's Subjective Beliefs**

Denied with caveats. These matters are not relevant to whether Williams was a responsible person. But, what Williams knew and when he knew it is relevant on willfulness. *Colosimo*, 630 F.3d at 753. That includes what he knew about these things: the unpaid tax liability; when The Arc planned to pay; whether the entity intended to pay; and whether other bills were being paid instead. Assurances from others with tax-related authority and responsibility go to Williams's willfulness but not his responsibility. The Court will give a limiting instruction if the government requests one.

**2.** Williams's motion *in limine* is denied without prejudice. The Court will follow the Federal Rules of Evidence and Rules of Civil Procedure. Witnesses and evidence must be identified pursuant to the Court's Final Scheduling Order, *Doc. 9*. To the extent that the government offers witnesses or documents that should have been disclosed in discovery but weren't, and Williams can show prejudice, the Court will almost certainly exclude them.

*

Motion, *Doc. 23*, partly granted and partly denied, as specified.
Motion, *Doc. 25*, denied without prejudice.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

_13 January 2025_