IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROGER WILLIAMS**                                                                PLAINTIFF

v.                              No. 4:22-cv-942-DPM

**USA and INTERNAL REVENUE
SERVICE**                                                                         DEFENDANTS

ORDER

Federal law permits the IRS to recover unpaid employment taxes from any person who was responsible for paying the taxes and willfully failed to do so. It exercised that power against Roger Williams, who served for a time as chief financial officer for The Arc, a local nonprofit. He paid and sued for a refund. The jury returned a verdict in favor of Williams, finding that, though he was a responsible person, he didn't willfully fail to pay over the taxes. Now pending is the government's renewed motion for judgment as a matter of law or a new trial. The Court must, and does, give great deference to the jury's verdict. *Kelly v. Armstrong*, 206 F.3d 794, 797–98 (8th Cir. 2000). And it views the evidence in the light most favorable to Williams. *Christensen v. Titan Distribution, Inc.*, 481 F.3d 1085, 1092 (8th Cir. 2007).

Williams served as The Arc's bookkeeper and chief financial officer. That role put him in hard circumstances. The Arc was behind on its employment taxes, and he knew it. *Doc. 55 at 54–55*. Plus, regular

bills kept coming. The employees were also expecting their paychecks. Williams says he wasn't in control of what The Arc paid to whom, despite his fancy job title. He was under the thumb of Cynthia Stone and Steve Hitt, the real decisionmakers. Most of the employees were Stone's extended family members. Williams's job was to tell Stone and Hitt how much The Arc owed to which entities, and they told him where to send the money. *Doc. 55 at 25*. Because of The Arc's two-signature check policy, at various times Stone, Hitt, and Williams all signed checks to pay The Arc's creditors. But Stone and Hitt always made the final call as to where The Arc's money went. *Doc. 55 at 26–30*.

It was Stone and Hitt, Williams says, who decided not to pay the owed taxes. *Doc. 55 at 34, 75*. Stone assured Williams (and Hitt) that the delinquent taxes would be paid. At one point, a sale of property in Little Rock was planned. The proceeds were earmarked for the taxes. That sale never happened. Late in Williams's tenure, there was a plan to sell the former Majestic Hotel property in Hot Springs. (The Arc had acquired it for potential redevelopment.) Once that was finalized, she said everything would be squared away with the IRS. That sale fell through, too. *Doc. 55 at 35–36*. Williams relied on these assurances. But he also acknowledged that he paid bills to other creditors, knowing that The Arc owed employment taxes to the IRS. *Doc. 55 at 55, 76–78*.

Viewing the evidence in the light most favorable to Williams, a reasonable jury could have found that he wasn't a responsible person.

-2-

But that wasn't what this jury found. It found he *was* responsible, but didn't act willfully. Was there a legally sufficient basis for this second finding? Fed. R. Civ. P. 50(a)(1), (b).

No. "If a responsible person knew of payments to other creditors after he was aware of the failure to pay over withholding taxes to the government, his actions are willful as a matter of law." *Colosimo v. United States*, 630 F.3d 749, 753 (8th Cir. 2011). Williams testified that he knew of (and made) payments to other creditors after becoming aware of The Arc's failure to pay employment taxes to the IRS. *Doc. 55 at 55, 76–78*. That testimony answers the willfulness question.

Williams relies on *Cline v. United States*, where the Sixth Circuit affirmed the jury's finding that the plaintiff was a responsible person who did not act willfully. 997 F.2d 191, 193 (6th Cir. 1993). There are similarities between Williams's situation and Cline's. But there are important differences, too. There was no evidence that Cline paid other creditors while the withheld taxes remained unpaid. He merely failed to act. *Cline*, 997 F.2d at 197–98. Williams admittedly paid other creditors. And, of course, *Cline* isn't binding here. The Court doesn't see any flexibility in the Eighth Circuit precedent.

\*

The United States' renewed motion for judgment as a matter of law, *Doc. 66*, is granted. Williams's motion for prejudgment interest on

any refund, *Doc. 65*, is denied as moot. The Judgment, *Doc. 64*, is vacated. An Amended Judgment will issue.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

16 July 2025